# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No._____

Joshua Gess #83855,                                    Plaintiff,

v.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**DEC 18 2017**

JEFFREY P. COLWELL
CLERK

Warden Angel Medina,
Dr. Arlin R Peterson DPM,
ST. Mary Corwin Hospital,
Colorado Mental Health Institute at Pueblo, (CMHIP),
CMC-HSA-Vani Russel,
CMC-Nurse-"Stephanie",
CMC-PA-Georgina Caruso-Hill,
CMC-PA-William Klenke,
CMC-PA-Keith Minihane,
CMC-PA-Daniel Reed,
CMC-TC Supervisor Dr. Patricia Tippins,
CMC-TC Therapist Benetta Cruz,
CMC-Nurse Constance Cella,
CMC-Therapist Trainee Marianne Fahey,
CMC-Nurse Ashley Benally,
CMC-Nurse Karen Brown,
CDOC-Step Three Grievance Officer, Anthony A. De Cesaro,
CMC-HSA- Grievance Responder Brian Hoffman,
CDOC- Grievance Responder Mike Bartell,
CMC-Case Mgr. Grievance Responder  Daniel De Priest,
CMC-Grievance Responder Michael Moore,
CMC-Property Sgt. Churich,
CMC-C/O Trina
CMC-C/O Roos
CMC-C/O Reyes
CMC Officer Hilburn
DOC CO Huertas, Hector
CMC Captain Johnson
Defendants.

1

## PRISONER COMPLAINT

### A. PARTIES

**1.**Plaintiff-Joshua Gess, #83855, PO Box 2005, Buena Vista, CO. 81211

**2.**Defendant-Warden Angel Medina, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215. At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections.

**3.**Defendant- Dr. Arlin R Peterson DPM, 2037 Jerry Murphy Rd. #100, Pueblo, CO.81001. At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As a contract employee of the State of Colorado Dept. of Corrections.

**4.**ST. Mary Corwin Hospital, 1008 Minnequa Ave., Pueblo, CO. 81004. At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As a contract employee of the State of Colorado Dept. of Corrections.

**5.**Colorado Mental Health Institute at Pueblo, (CMHIP), 1600 W. 24th St., Pueblo, CO. 81003 At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections.

**6.**Defendant- CMC HSA-Vani Russel, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215. At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections.

**7.**Defendant-CMC Nurse "Stephanie" 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215. At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections.

**8.**Defendant-CMC PA Georgina Caruso-Hill, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections.

**9.**Defendant-CMC PA  William Klenke, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215. At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado

## A. PARTIES CONTINUED

Dept. of Corrections

**10.**Defendant-CMC PA Keith Minihane, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215. At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**11** Defendant-CMC PA Daniel Reed, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**12** Defendant-TC Supervisor Dr. Patricia Tippins,57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections.

**13** Defendant-TC Therapist Benetta Cruz, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215. At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**14** Defendant-CMC Nurse Constance Cella, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**15** Defendant-CMC Therapist Trainee Marianne Fahey, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**16** Defendant-CMC Captain Lance Johnson, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**17** Defendant-CMC Nurse Ashley Benally, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**18** Defendant-CMC Nurse Karen Brown, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215 At the time the claims alleged in this complaint arose, was this defendant acting under color of

## A. PARTIES CONTINUED

state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections.

**19** Defendant-DOC Step 3 Grievance Officer, Anthony A. De Cesaro, 1250 Academy Park Loop, Colorado Springs, CO. 80910.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**20** Defendant-CMC HSA Brian Hoffman,  57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215. At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**21** Defendant-Grievance Responder Mike Bartell,  57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**22** Defendant-CMC Grievance Responder Daniel De Priest, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**23** Defendant-CMC Grievance Responder Michael Moore, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**24** Defendant-CMC Property Sgt. Church, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215 At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**25** Defendant-CMC Officer Roos, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**26** Defendant, Jane/John Doe medical grievance responder at FMCC, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

## A. PARTIES CONTINUED

**27** Defendant-CMC Officer Hilburn, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215
At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**27** Defendant  Huerta, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**28** Defendant Sgt.Reyes, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**29** Defendant C.O. Trina, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

**30** Defendant Johnson, 57500 E. HWY 50 & Evans Blvd., Canon City, CO 81215.At the time the claims alleged in this complaint arose, was this defendant acting under color of state law? **X** Yes__No. Briefly Explain your answer: As an employee of the State of Colorado Dept. of Corrections

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claims pursuant to:
   **X** 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes:
   HIPPA, 42 U.S.C. §§ 13200 et seq.;
   1, 5,6,8,14, U.S.C.A.
   42 C.F.R. Part 2
   42 USC § 15601 (13)
   42 USC § 15602 (1)
   C.R.S. 18-2-201
   C.R.S. 18-4-412
   C.R.S. 17-1-115.5(1)(a)
   DOC Administrative Regulation (herein after referred to as "AR") Form 950-02A
   DOC AR 920-02
   DOC AR 950-02B
   DOC AR 950-02A
   DOC AR 700-01

DOC AR 100-40, M, 5, Q.
DOC AR 100-07, Y, IV, A, I.
DOC AR 850-4
DOC AR 850-06
DOC Arrowhead TC Client Right No. 9
DOC Arrowhead TC Client Right No. 10 Any others that may apply

## C.NATURE OF THE CASE

Plaintiff a pro se inmate subjected to constitutional violations to include conspiracy to deprive plaintiff of his civil rights through retaliation, "diesel therapy", deliberate acts to intimidate plaintiff from asserting his rights before the court, theft of plaintiffs legal materials. Defendants aware of plaintiff medical condition failing to respond reasonably and timely. Grievance responder was not trained in medical field denied medical grievances citing they were not trained in the medical field. Defendants inaction and policy subjected plaintiff to torture and permanent irreparable physical harm. Defendants had knowledge system created kind of harm that happened to plaintiff. Defendant ordered medical care that was not provided for two years resulting in yet further permanent damage and complicating plaintiffs other medical conditions with spine and hip. Defendants retaliated for plaintiff grievances, seeking other inmates to retaliate against plaintiff, moving plaintiff from facility to facility, taking 1000,00 dollars' worth of legal and personal property, violating DOC AR's for inmate property disposition and pack out. Plaintiff moved to BVMC 10-31-17 where plaintiff denied adequate access to law library, BVMC law librarian split between three facilities, BVMC,BVCF and Sterling. Ms. Swartz is not an atty. and refuses to allow pro se plaintiff to process his documents without her approval, violating Colorado law of unauthorized practice of law. Defendants subjected plaintiff to sexual harassment and failed to make report mandated by law and DOC AR. Plaintiff filed second set of grievances for sexual harassment defendants failed to follow PREA guidelines. Defendants denied grievances for PREA complaint without addressing PREA. Defendants calculated harassment subjected plaintiff to further cruel and unusual punishment by violating plaintiffs medical lay in requiring plaintiff to appear for TC Staff repeatedly despite being on room restriction (medical "lay in") due to surgery. Defendants repeatedly deny grievances without investigating, speaking to witnesses or reviewing documentation that supports the grievance. Defendant answer grievances out of time. Plaintiff repeatedly denied due process through failed grievance procedure. Defendants issue "CHRONS" to plaintiff with no due process despite the

## C. NATURE OF THE CASE

chron used in disciplinary procedure affecting plaintiffs liberty interests. Chron grievance denied stating chron doesn't affect liberty interest, despite plaintiff having been affected and having DOC issued paperwork to the contrary. Defendants violated HIPPA by discussing medical information without release of information.

## D. CAUSE OF ACTION

**1. Claim One:** Cruel and Unusual Punishment through deliberate indifference to medical need, through policy, direct inaction and retaliation.

**Supporting facts:**

Bunionectomy and hammer toe surgery performed through DOC contract with Dr. Arlin Peterson DPM on 6-19-15. 7-17-15 at this time Peterson wrote order for plaintiff to return in 30 days for follow up. Plaintiff not returned until 10-21-16, 16 months later. Plaintiff filed numerous grievances and kites, resulting in over 200 mentions in medical file, regarding pain, inability to stand and feeling screw coming out of foot.6-19-15, initial surgery by Peterson on plaintiff. 6-22-15, order written for follow up and pin (k-wire) removal with Peterson for 7-17-15.6-23-15, x-ray of plaintiff's right hip affirming complications of other condition.6-23-15, x-ray of plaintiff's spine, affirming other affected condition.7-17-15, follow up at CMHIP with Peterson, x-ray, remove k-wire, order follow up in one month in podiatry at CMHIP. Wrote order for arch support and medical shoes.7-17-15, Peterson dictated order in CMHIP Ambulatory Care Notes, "will follow up in one month for range of motion exercises".7-17-15, handwritten note in plaintiffs medical file "f/u with podiatrist in one month will need to put in consult".7-20-15, CTCF (DOC infirmary) Infirmary Discharge Summary, "f/u with Podiatrist in one month" this report received by plaintiffs new facility FMCC (Four Mile) by nurse "Stephanie" on 7-20-15. 9-14-15, DOC Ambulatory Health Record, by defendant PA Georgina Caruso-Hill-" Pt. had surgery and podiatry documented 30 day f/u request. No consult found in system." Plaintiff kite no.3352826 "It's been over 30 days I was supposed to have follow up with surgeon". Plaintiff kite no.337611-"On 7-17-15 the surgeon said I needed to see him for follow up in 30 days. Its now been almost 60 days and I haven't gone to see him." Also notes decreased range of motion in first and second toes.10-20-15, DOC Ambulatory Note by defendant PA William Klenke: "patient complains of pain in feet, recent surgery, chronic complaint, spine, hip".Grievance filed unknown exact date as these were among the items defendants did not pack out or send with

7

**D.CAUSE OF ACTION**

plaintiff when plaintiff moved to level 3 FCF. Grievance complained of no follow up in 30 days
and complications from surgery. Grievance response was "CMC medical staff determined no
follow up was necessary" at this time unknown defendants answered this grievance. As plaintiffs
account is in the red DOC will not furnish a copy of this record to plaintiff.3-2-16-No show
notice in plaintiffs medical file (plaintiff was 10 min. late) " re kite complication from recent
surgery"3-2-16 DOC Ambulatory health record-by defendant Caruso-Hill. "I'm having
complications from recent surgery, experiencing pain and feel screw rubbing outside of toe"3-28-
16-X-ray-plaintiff "feels like pin (screw) is coming out"5-24-16-DOC Ambulatory Health
Record- by defendant Klenke: "patient complains still foot pain, displaced toes despite surgery
June 2015, and also complains of specific pain w 2nd digit"-"right 1st digit remains offset by
many degrees despite Bunionectomy other toes left foot present as compressed together. X-ray
on 3-28-16 shows osteotomy at distal aspect of the proximal planax of the 2nd digit".5-27-16- x-
ray-"Hallux valgus has mildly progressed, osteotomy of proximal phalanx first digit. Post-
surgical change of the second digit at the PIP joint is again noted. Mild progression of hallux
valgus, now moderate in severity."6-1-16- renew pain meds-"experiencing excessive pain"6-21-
16- DOC Consultation form by defendant Klenke- "orthopedic consult on Bunionectomy and
hammer toe concerns for left ft., pain difficult ambulation orthopedic consult placed"6-21-16-
Consult approved for orthopedic surgeon on 8-17-16.6-21-16- DOC Ambulatory Health Record
by defendant Klenke- "left toes displaced since surgery, Pt. believes surgery an unsuccessful
adventure"- numerous notes on pain, ortho referral 1 month request ortho apt.6-27-16- DOC
Hospital Pass- "foot soak pumice stone monthly (to remove callous caused by misalignment of
toes, deformation post-operative and related complications). 6-27-17-DOC Ambulatory Health
Record- "chronic lumbar, hip foot pain, toe surgery done 1 year ago and still has pain. Pending
apt with ortho currently requested."6-27-16-consult from defendant Klenke denied, Klenke failed
to submit proper documentation with request- Pt. with callus needs pumice stone use monthly.8-
22-16- fax from CHP denial from 6-27-16 overturn. (appt. date of 8-17-16 has already passed
and nobody rescheduled it).8-23-16-DOC Ambulatory Health Record- By defendant Reed- "Pt.
reports to clinic for chronic care f/u. Waiting for a revision of left foot surgery approved today"(
actually 8-22-16, however the date for which it was approved 8-17-16 had already passed) "but
not scheduled yet. C/O pain standing walking, recent foot surgery with pending f/u surgery".

## D.CAUSE OF ACTION

(actually follow up surgery did not occur until 6-12-17). Reed failed to realize follow appt.set for 8-17-16 had passed, as this date was 8-22-16, and yet did not do any follow up to see where the apt. stood, as the file indicated the apt. had indeed passed. As a result no ortho. appt. ever occurred.9-5-16- Plaintiff kite to medical " Can you please advise me as to the status of my ortho. referral?" unknown party replied "9/6 CHP denied"9-9-16 DOC Ambulatory Health Record- by Defendant Reed-"Check in on ortho referral, insurance note says approved for visit, but under scheduling says denied. Just sent mssg. to scheduling on that."10-21-16-Plaintiff taken to CMHIP for consult with Peterson, x-ray ordered and carried out by Peterson. This is 15-16 months after the order from 7-17-15 said return in 30 days for follow up.X-rays taken this day compared to x-ray taken 7-17-15; extensive data on this set (10-21-16) of x-rays, showing screw protruding into joint just as plaintiff has complained about since initial surgery as well as other defects causing extensive pain to plaintiff. (See x-ray results from 10-21-16).10-21-16-DOC Ambulatory Health Record-by Peterson, "Please schedule for removal of screw and realignment of 1st digit". (Despite this order plaintiff did not get correction and screw removal until June 12, 2017).11-1-16-DOC Ambulatory Health Record- by Reed, "Questions on left foot surgery approved but not scheduled yet." (Again, despite this no surgery until June 12,2017, 8 months later).1-10-17- DOC Ambulatory Health Record-by Reed, "Kite asking about screw removal by podiatry, note 10-21-16. Nothing in appt. consult listing. Will email to consult office." (contradiction to 11-1-16 note).2-6-17-kite from plaintiff to medical, "has update been given re: my foot surgery?" (3 ½ months since 10-21-16 still no reply to plaintiff.)2-24-17-Plaintiff kite to Health Services Administrator (HSA) Nurse III defendant Benally, in part…"X-rays verify the pin is putting severe pressure and causing x-treme pain. I've sent 6 kites requesting status of surgery and every single one has been ignored. Please help."-Abbreviated reply from Benally- "we've contacted Dr. Peterson, CMHIP is responsible for entering consult, we contacted CMHIP and they will be entering consult to CHP. I do not see it in the system, but we are monitoring the situation." (this, four months since order from 10-21-16).3-6-17-Plaintif kite to medical- "May I have the name and contact info. For the agency that provides medical care for CMC"- reply from unknown party- "The agency that provides is responsible for medical care is the Colorado Dept. of Corrections".3-7-17-DOC grievance response which shows plaintiff has 30 minute standing restriction (due to this situation).3-9-17-Plaintif kite to defendant Benally-"The condition is

## D. CAUSE OF ACTION

worsening how can I document that? Re: foot?" 3-9-17-reply by Benally to plaintiffs 3-9-17 kite-
"CMHIP consult denied-Central scheduling to see if we can appeal it, we cannot not our consult,
advised me to have a new one submitted" (refer to 11-1-16 DOC Ambulatory Health Record-
showing surgery approved?)3-9-17- Letter from DOC Legal Services also showing plaintiffs 30
minute standing restriction( which had been changed to 15 prior to surgery 6-12-17).3-24-17-
DOC Condensed Health Services Encounter, 3 pages of extensive documentation of the
severity of damage, deviation since original surgery, the complications, malformation of toes and
foot and again documentation of screw protruding into joint.3-25-17-J-Pay letter from plaintiffs
sister to DOC "Ms. Nelson" expressing concern over how long it's been and the amount of
suffering plaintiff going through.3-29-17-kite from medical, "3-29-17 podiatry consult approved
new podiatrist" (again?)J Pay letter between plaintiffs sister and a DOC employee Lisa Sanchez
alleging plaintiff receiving "appropriate care".4-5-17-kite from medical- "Podiatry referral
approved waiting for date." Approved again?4-25-17 Plaintiff saw a new podiatrist, a Dr. Kizzar.
Two pages of extensive notes from Kizzar including x-ray analysis-recommending hardware
(screw) removal, bunion correction/revision, if fails recommending MPJ fusion- pain due to
internal orthopedic prosth." (Screw plaintiff has been extensively complaining about since July
2015).2-27-17 informal CAC1617-107818 filed by plaintiff grieving denial of meaningful
standard of care as none of the doctors orders for plaintiff have yet to be followed.3-1-17
informal CAC1617-107818denied by Brown citing "You saw Dr. Peterson on 6-21-16 (actual
date was 10-21-16). He requested that you be scheduled for screw removal. Dr. Peterson and his
office are responsible for putting in a consult with PHP. So far he has not done this." (Despite in
Petersons 10-21-16 written order he wrote for screw removal and correction.)3-2-17 CAC1617-
107818 step 1 filed by plaintiff.3-12-17 CAC1617-107818 step 1 denied by Cella citing plaintiff
has requested relief not available. Cella also cited she spoke to scheduling and no consult yet for
surgery, this despite Dr. Peterson writing an order 10-21-16.3-14-17 CAC1617-107818 step 2
filed by plaintiff expressing sever pain and identifying all relevant info. For whoever responds.
3-24-17 CAC1617-107818 step 2 denied by Benally. In her lengthy denial she gives many reason
why this has not occurred and places blame on all parties alleging DOC cannot make this refereal
evn though DOC is by law mandated to provide plaintiff medical care. This is a prime example
of passing the buck and broken policy which has gone on since the beginning of this situation.

## D.CAUSE OF ACTION

4-5-17 CAC1617-107818 step 3 filed by plaintiff.5-9-17 CAC1617-107818 step 3 denied
. 5-8-17-Step 3 grievance reply, grievance #CAC1617-107818-"recommendations by specialist
are just that, recommendations, which do not necessarily have to be followed by DOC"- in part-
"I cannot second guess the medical…as I am not a medical professional".6-12-17-date of second
surgery, DPM Kizzar Patient Plan-"hardware removal pain **due to internal orthopedic Prosth.
Dev/grft."**6-12-17-second surgery performed 24 months after first surgery, 23 months after
initial order written for f/u in 30 days, 9 months since the order from Peterson for this surgery
written on 10-21-16, and 23 months since plaintiff started complaining of feeling screw coming
out!6-29-17 Hospital Pass given to plaintiff for dressing change. As of the date of filing plaintiff
still must apply 4x4 dressing spacer daily between toes as damage so extensive from delay of
care since 7-17-15, that even the corrective surgery done 6-12-17 could not completely repair
damage.6-12-17 to 7-15-17 plaintiff on medical lay in. 6-19-17 despite medical lay in which
supersedes all DOC functions, defendant Fahye twice called plaintiff to TC Admin. Disregarding
lay in subjecting plaintiff to hop across the facility in extreme pain on crutches to see Fahye. At
TC Admin with Fahye plaintiff twice showed Fahye his medical lay in slip (which she had
already been provided upon plaintiffs return from infirmary on 6-16-17), Fahye responded I
don't care what you have you will report to group tomorrow 6-20-17 or face TC consequences.6-
20-17, Plaintiff reported to Faye's group fearing consequences, once more having to hop across
the facility on crutches one week out of surgery. Plaintiff again in front of the entire group
showed Fahye lay in slip,  which Fahye told plaintiff you don't have a lay in participate or face
consequences.6-20-17 When Fahye made the comment above she added, I spoke to nurse Cella
she explained your history and you do not have a lay in. *This is* a HIPPA violation as nurse Cella
on several occasions without a release of information provided both past and current medical
information without a written release to Tippins and Fahye, as is mandated by DOC AR and Fed.
Law plaintiff grieved these HIPPA violations with no result, grievance CAC1617-113615. 6-29-
17 DPM Kizzar notes *2 pages long please see*.6-29-17-DOC Ambulatory Care Notes from
Kizzar-"crutches till 7-14-17, post op shoe till 7-27-17" plaintiff in post op shoe until 9-13-17. 7-
3-17 TC staff Fayhe, Coughlin and two inmates present called plaintiff to the day hall from his
cell subjecting plaintiff to even more pain and threatened plaintiff to be kicked out of TC and
regressed if he refused to sign a TC addendum addressing plaintiff for not doing his TC work

## D. CAUSE OF ACTION

while on lay in, plaintiff signed after objecting that he was on room restriction due to lay in and was prohibited by policy from violating his lay in or plaintiff would face disciplinary action, on this document plaintiff wrote "under duress" in the signature area to document the event as plaintiff felt threatened by the intimidation used to force him to sign. This is yet another violation of plaintiffs medical lay in by Fahye. At this exchange Fahye stated Tippins approved this action. 7-11-17 CMC C/O Trina from Arrowhead Correction al facility unit A, called plaintiff to A unit office telling plaintiff he had to report to visiting for the Wardens NOW meeting (an orientation for new inmates, despite plaintiff already having been at ACC for over a year and not being a new inmate) plaintiff objected to Trina showing Trina the lay in slip excusing plaintiff from all activities. To this Trina stated it is the Warden you better go check in. 7-11-17 Plaintiff on crutches hopped across facility to visiting where NOW meeting was starting. Plaintiff was showing Captain Mills and "Head Case Mgr." his lay in slip and explaining he also was not a new inmate. While this was occurring Warden Medina interrupted and threatened plaintiff telling plaintiff "I don't care what you have if your names on the list, you'll be here." Plaintiff showed Medina plaintiffs lay in slip to which Medina responded, "if you don't sit down, I will sit you down in a place you don't want", plaintiff feeling threatened by a person such as the Warden sat down as directed, continuing to experience severe pain from all the movement and pressure this put on surgical area grievance no. R-AC17/18-00115771. Step 2 R-AC17/18-00115771 denied by Huertas reply inconsistent with policy regarding medical lay in.  7-12-17 CMC undergoing facility shakedown of which plaintiff was not part of or involved with any of the activities which led to this shakedown. 7-12-17 While inmates from A unit were being placed in the CMC gym while their unit was shook down, two SORT Team officers called plaintiffs name, they told plaintiff to go with them. They took plaintiff on crutches and still layed in to the CMC admin building, in route one C/O asks the other, "is he part of this?" The other responded "he is now". 7-12-17 while waiting to do a urine test at CMC Admin. Defendant Johnson asked plaintiff, "Not done running your mouth yet? well we'll deal with that" obviously in reference to the NOW meeting the day before where Medina threatened plaintiff over lay in. 7-12-17 despite not being part of the cause for shakedown or related in any way plaintiff was twice forced to expose his genitals to CO Sgt. Reyes to do a UA. As plaintiff was uninvolved with the basis for shakedown and has never had a hot UA in DOC or ever been involved with drug activity in

## D.CAUSE OF ACTION

DOC, this was not a genuine security issue and clearly meant to harass plaintiff. Plaintiffs Case Mgr. Garcia told plaintiff, plainitffs name was not involved with shakedown, further cementing the obvious retaliation intent of the UA vs. security concern.7-17-17 CMC medical records technician Ms. Rodriguez signed affidavit affirming no medical release of information exists for Fahye and Tippins. 7-28-17 x-ray post op ostemy cleft remains visible has not fully healed yet.8-31-17-follow up with Kizzar results in Dr. Kizzar cutting tendons of plaintiffs 2nd toe left foot, as result of fusion on 6-19-15 causing permanent loss of use. Kizzar at this time noted that due to extensive damage caused by length of time between surgeries extensive damage despite attempt to repair during surgery performed in 6-2017 plaintiffs first toe is rolling, loss of motion is total next step is fusion of mpj first toe. Plaintiff to wear 4x4 gauze as spacer permanently to keep 1st and 2nd toes from overlapping and rubbing. "PRN for 99 months".9-21-17 at CTCF follow up apt with Kizzar- Kizzar recommends "Hangar consult for orthotic adjustments, patient needs 4x4 and tape to room for toe spacer daily. Patient needs athletic shoes daily due to foot deformities" the deformities are the caused by lack of follow up care, this goes to show permanent damage due to extended lack of follow up and surgical orders from 7-17-15 which had they been originally followed could have avoided permanent damage and "deformities". Defendant both individually and through conspiring together subjected plaintiff to unnecessary and wanton infliction of pain and torture through deliberate indifference to established medical condition and failed policy. This was an unreasonable disregard and caused excessive risk to plaintiffs health and safety. Defendants individually and together upheld and violated practices, policies, procedures by denying meaningful medical care, review of medical grievances by qualified personnel and retaliating through arbitrary actions repeatedly violating plaintiffs medical lay in despite established DOC procedure and policy. Defendant violated HIPPA despite having been provided a copy of plaintiffs medical lay in slip which conveyed all the relevant information necessary for defendants to know plaintiff was in fact layed in. No further inquiry was necessary. Defendants knew of these repeated violations of policy and rights yet did not respond in even a remotely reasonable manner. Between 7-17-15 and 6-16-17 there were approx. 227 different mentions of issues relating to plaintiffs failed surgery of 2015 and the never-ending complications and pain plaintiff was experiencing including plaintiff being given ten minute standing restrictions. Defendants failed to follow surgeon's orders and treat plaintiffs condition in

## D.CAUSE OF ACTION

a meaningful manner knowing it could, did, and still does cause significant injury. Defendants conceded their ability to treat plaintiffs condition by sending him to an outside specialist and failed to follow specialists orders for care and follow up. Defendant's actions subjected plaintiff to chronic suffering and torture ending in irreparable harm, loss of function, which cannot be replaced or restored. The actions and policies were reckless and callous indifference. The denial of medical care for so long was clearly dangerous and defendants must have known it was likely to hurt plaintiff. Plaintiff has suffered nonstop since surgery of 6-2015. These actions have handicapped plaintiff and will prevent plaintiff from meaningful employment based upon plaintiff's skillset. This will affect plaintiff's wages for the rest of plaintiff's natural life and his ability to provide for his family. An inmate must rely on prison authorities to treat his medical needs; if authorities fail to do so, those needs will not be met. Plaintiff still under extreme pain and suffering as of date of filing. Defendants took medically approved footwear from plaintiff denying him adequate footwear for inclimate weather and or work conditions, despite a grievance already being granted approving for plaintiff to have two such pairs for said purposes.7-3-17 Informal Grievance CAC17/18-00114650-citing claim of cruel and unusual punishment through deliberate indifference to medical condition exposing plaintiff to unreasonable risk of serious harm against defendants Peterson, Medina, CMC Medical, DOC Grievance Officers, CMC HSA, ST Mary Corwin, denied by defendant Bennally on 7-8-17.7-20-17 Step 1Grievance CAC17/18-00114650 filed by plaintiff citing same terms as informal. Denied by defendant Bennally on 7-25-17.7-25-17 Step 2Grievance CAC17/18-00114650 citing same claim as prior steps filed by plaintiff. No answer to step 2 given to plaintiff.8-25-17 Step 3Grievance CAC17/18-00114650 filed by plaintiff same claim as prior steps. Denied by defendant Bartell on 9-25-17.7-5-17 Informal grievance CAC17/18-00114649; filed by plaintiff asserting that defendant Fahye subjected plaintiff to cruel and unusual punishment by violating plaintiffs medical lay in repeatedly. On 7-19-17 defendant Tippins denied the informal and refused to provide a copy of the denial to plaintiff in violation of DOC AR.7-20-17 Step 1 grievance CAC17/18-00114649- filed by plaintiff same grounds as informal. The reply given by defendant Tippins did not even match the issue being grieved. Step 1 denied by Tippins on 7-25-17.7-20-17 Step 2 grievance CAC17/18-00114649- filed by plaintiff same grounds as prior steps. No reply ever given to step 2, yet another violation of DOC AR re grievances and an attempt to

14

## D.CAUSE OF ACTION

prevent plaintiff from relief.9-15-17 Step 3 grievance CAC17/18-00114649- filed by plaintiff same grounds as prior steps. Denied by defendant Bartell again failing to assess the nature of the complaint therefore denying plaintiff meaningful attempt at resolution. Now a pattern in this process.6-23-17 Informal grievance CAC17/18-00113618; filed by plaintiff asserting defendant Fahye violating plaintiffs medical lay in subjecting plaintiff to cruel and unusual punishment ( same behavior being grieved in CAC17/18-00114649 but separate acts). Denied by defendant Tippins on 6-26-17 citing incorrect basis for denial, failing to address the issue complained of by plaintiff.6-23-17 step 1 grievance CAC17/18-00113618; filed by plaintiff same complaint as in prior step. Step 1 denied by defendant Tippins, again fabricating reason to deny grievance such as "TC is therapy 24 hours a day 7 days a week" this was in response to Tippins subordinate Fahye violating plaintiffs medical lay in which restricts plaintiff to his room and all activity. Subjecting plaintiff to cruel and unusual punishment, in violation of DOC policy.7-5-17 step 2 grievance CAC17/18-00113618; filed by plaintiff same complaint as in prior step. No reply given to step 2 in the 25 days prescribed by DOC AR. 8-7-17 step 3 grievance CAC17/18-00113618; filed by plaintiff same complaint as in prior step. 8-10-17 step 2 grievance CAC17/18-00113618; answered by defendant Hoffman after step3 had already been filed, effectively denying plaintiff a meaningful step in the process. Additionally defendant Hoffman denied the grievance based on his assertion that plaintiffs lay in in no way affected plaintiffs ability to participate in group. Well, actually a medical lay in mandates inmates be restricted to their cell while on lay in or face disciplinary action, therefore defendants reply is further evidence in a failed grievance policy designed to deny plaintiff meaningful redress.9-5-17 step 3 grievance CAC17/18-00113618; denied by defendant DeCesaro, basis for denial was "In review of this matter I find that you have been moved to FCF. This issue is now considered to be moot." Once more this response shows that the responder is not reading the issue grieved, the fact that plaintiff had been transferred in no way alters the fact that plaintiff grieved cruel and unusual punishment. Cruel and unusual punishment as applied in this instance does not go away over plaintiffs transfer.

**2. Claim Two:** Sexual Harassment by DOC employee in violation of DOC policy, state and fed law through direct action, inaction of supervisor, and failure to report claim of sexual harassment and retaliation against plaintiff for his allegation of sexual harassment.

15

## D. CAUSE OF ACTION

**Supporting facts**: Between 7-13-15 and 5-15-17 plaintiffs therapist at ACC Drug and Alcohol
TC was Cruz. Despite repeated requests that Cruz not refer to plaintiff as hon and babe Cruz did
so until 5-15-17 in both private and group settings. The TC program has its own policy for
grievance resolution Plaintiff did all of these and still no result until 8-31-17. 1-24-17, 4-20-17,
4-23-17, and 4-26-17 plaintiff submitted written request via proper TC protocol to speak to
Cruz's supervisor Tippins, since his request for Cruz to stop calling him hon and babe went
unanswered by Cruz. These requests were intercepted by Cruz and denied. Per the AR this meets
and exceeds the criteria in AR 100-40 to file complaint and notify staff. Upon entering the drug
and alcohol TC plaintiff was required to sign a contractual agreement which consisted of many
parts; one such form was titled "Clients Rights" and client right No. 9 states "you should know
that in a professional relationship, sexual intimacy is never appropriate and should be reported to
the grievance board."5-15-17 After exhausting all means to resolve the sexual harassment and
threats from Cruz, plaintiff filed an "Informal Grievance" (which again meets all requirements in
AR 100-40 for claims of sexual harassment). Tippins answered this grievance denying it. Despite
being made aware of plaintiffs allegations in his grievance of his therapist(Cruz) repeatedly
calling him hon and babe despite numerous requests she not Tippins failed to write an incident
report as is required by AR 100-07, Y, IV, A, I. and AR 100-40, M, 5, Q.. Additionally Tippins
failed to report plaintiffs claim at all as is mandated by AR 100-40. DOC has a zero tolerance
policy for sexual harassment, and yet this was allowed to continue for months.7-717 Plaintiff
filed written complaints to CO. Dept. of Regulatory Agencies (DORA) and Board of Addictions
Counselors and Examiners inquiring as to the status of his grievance of 5-15-17, as at that time
nobody had ever contacted plaintiff as to his claim made. It was near this point when plaintiff
realized Tippins never reported the incidents.7-21-17 Plaintiff repeated complaint to DORA in
more detail and sent a copy of this to the DOC Legal Affairs Offices and the ACLU. This was the
6th notice plaintiff had supplied to various DOC officials of his claim of sexual harassment by
Cruz, and even then nothing was done. No investigation occurred nor did any action to prevent
this further occur until 8-31-17.8-18-17 plaintiff repeated  complaint to DORA, Board of
Addictions Examiners and CO. Dept. of Human Services Offices of Behavioral Health, as they
had requested documentation from plaintiff. Extensive documentation, grievances and the
denials from Cruz prohibiting plaintiff from speaking to supervisor as is protocol and all related

### D.CAUSE OF ACTION

evidence was sent, this was also sent to DOC Office of Legal Affairs, making it the 7th notice

DOC had of plaintiffs claim.8-22-17 no action taken by DOC, plaintiff filed a grievance against

Tippins (Cruz's supervisor) for failure to report the complaint made by plaintiff against Cruz on

5-15-17, three months later.8-25-17 and 8-28-17 Plaintiff had ongoing conversations with his

mother about this abuse and she finally stepped in and called both Tippins and DOC

Headquarters in CO. Springs to ask why no action has been taken since grievance filed 5-15-17,

three separate times. Tippins never returned her calls despite telling plaintiff she had received a

mssg. from his mother and would call her back. This is 8[th,] 9th and 10th notice to DOC.8-27-17

Plaintiff called to Arrowhead shift commander's office where Shift Commander said this was

being handled by the Major and that neither Tippins nor Cruz would be involved.8-28-17 Despite

this promise on 8-27-17, Tippins answered plaintiffs grievance filed against her for failing to

report sexual harassment in violation of AR 100-07 and AR 100-40. This is also a violation in its

self as a party named under AR 100-40 may not respond to their own grievance.8-28-17 Plaintiff

was given his grievance from 8-22-17, in this grievance plaintiff realized Tippins answered her

own grievance for her role in failure to report the sexual harassment. At this point plaintiff called

the PREA hotline as he recognized what the shift commander had said was not true and nothing

plaintiff has done at this time has resulted in action by DOC. This was DOC's 11th notice of

plaintiffs claim.8-29-17 step 1 CAC17/18-00116661 plaintiff grieved defendant Tippins for

answering her own grievance in grievance no. CAC17/18-116399 for her role in failing to report

sexual harassment.9-15-17 step 1 CAC17/18-00116661 answered by Tippins yet another

violation of AR 100-40. The whole basis for this set of grievances is a party named in a PREA

complaint may not respond to their own grievance, yet this occurs here repeatedly. No basis

given by Tippins for her denial.9-24-17 step 2 CAC17/18-00116661 filed by plaintiff.10-25-17

step 2 CAC17/18-00116661denied by Bartell citing disciplinary action not an option for remedy.

Actually AR 100-40 and CRS 17-1-115.5 (1)(a) mandate disciplinary action for her role in

failing to report PREA complaint by plaintiff. step 3 CAC17/18-00116661 filed by plaintiff.8-31-

17 while plaintiff on a medical day trip, he was transported to CTCF (an unusual and not normal

process for inmate transfer) where he was not allowed to return to his facility at Arrowhead. As a

result plaintiff was not allowed to pack out his own property. Plaintiff's property was packed out

by Trina, Roos, Reyes, Hilburn (despite Hilburn being with plaintiff as his transportation officer),

## D. CAUSE OF ACTION

between these officers over 1,000 dollars of plaintiffs property was not sent with plaintiff, including family photos and legal work from the case before the court and legal books. The original handwritten complaint for this action which the court supplied to plaintiff 15-25 pages of handwritten notes and several folders which had documentation relating to this case were not sent to plaintiff at his new facility. Despite plaintiff being scored as a minimum security inmate he was transferred to a medium security prison. 10-27-17 Defendant DeCesaro, denied step 3 grievance CAC17/18-116399 for defendant Tippins failing to report sexual harassment claim made to her by plaintiff about defendant Cruz. Despite meeting all the criteria in the PREA AR 100-40, defendant DeCesaro failed to investigate claim or respond in meaningful matter. 10-25-17 step 2 grievance denied for grievance CAC17/18-0011661, this was a grievance against defendant Tippins for answering her own grievance re: her role in plaintiffs PREA complaint. Which is a violation of PREA AR. Yet another cover up and abuse of grievance procedure. 5-15-17 Informal grievance filed on by plaintiff alleging sexual harassment by defendant Cruz. Grievance denied by defendant Tippins without ever addressing the issue of sexual harassment. Nor did Tippins file a report as mandated by both AR 100-40 and AR 100-07. Plaintiff filed complaints to DORA, Board of Addictions Counselors Examiners and CO. Dept. of Human Services Office of Behavioral Health re defendant Cruzs sexual harassment of plaintiff. Those agencies replied they had not been notified of any such complaint as is mandated by law, triggered by plaintiffs grievance on 5-15-17. 8-22-17 step 1 grievance CAC17/18-00116399 filed by plaintiff against defendant Tippins for failing to make report as demanded by AR's 100-40 and AR 100-07, Y, IV, A.I, D which mandate if an offender makes claims of sexual harassment per AR 100-40, M, 5, Q a report be written by the end of shift. AR 100-40 makes many more demands for staff to follow in the case of a claim under AR 100-40. 8-28-17 step 1 grievance CAC17/18-00116399 was denied by defendant Tippins. The basis for denial shows that defendant Tippins failed to adequately address the complaint. As matter of fact Tippins never even spoke to plaintiff. 8-29-17 Step 2 CAC17/18-00116399 filed by plaintiff same grounds as step 1. 9-15-17 step 2 CAC17/18-00116399 answered by defendant Bartell falsely citing plaintiffs failure in the TC program, plaintiff completed TC 10-5-17 at FCF with an outstanding letter of completion, which however is irrelevant to the issue being grieved. Also immediately after this step was filed by plaintiff on 8-29-17, the plaintiff was transferred losing single cell and loss of

## D.CAUSE OF ACTION

approx... 1k worth of privately purchased legal materials and personal property (just exactly what plaintiff requested not happen in his request for relief, showing blatant retaliation).9-18-17 Step 3 CAC17/18-00116399 filed by plaintiff same complaints as prior steps. 10-27-17 step 3 denied by defendant DeCesaro. Failing to address the issue being grieved.

**3.Claim Three:** Retaliation for protected speech and action.

**Supporting facts:**

7-18-17 Cruz at morning relay, a daily TC function, solicited four inmates in front of three other TC staff, why they were not addressing the plaintiff for filing grievances against staff? A person in an environment like prison in a position of power to affect the lives of those she wields supervision and life altering capabilities over, has great influence on those inmates subject to her direction. Several of these inmates felt threatened by Cruz's request to address plaintiff for asserting his constitutional rights, they supplied statements and waive confidentiality in this matter. This is a violation of plaintiffs 1, 5, 6, 8, and 14th USCA's. These actions put all inmates involved in direct danger not only physically but programmatically as inmates felt intimidated by Cruz to act on her behalf.7-20-17 informal CAC17/18-00114999 Plaintiff grieved Cruz for soliciting inmates to retaliate against plaintiff on behalf of Cruz during TC relay on 7-18-17. This grievance was denied citing the plaintiff had signed a consent to treat. In the "Consent To Treat" is a form called "Clients Rights" Client Right No. 10 states, "To file a grievance if he/she deems necessary following AR 850-04"signed by parties on 7-13-16. Seeking retaliation against plaintiff for exercising constitutional right is illegal. Cruz is also the defendant that had sexually harassed plaintiff, showing further effort by Cruz's to victimize plaintiff attempting to silence him.7-26-17 plaintiff file step 1 CAC17/18-00114999. 8-25-17 no reply given to step one CAC17/18-00114999 in time per AR 850-04, therefore plaintiff file step 2 on 8-25-17. 8-28-17 despite a step 2 grievance already being filed by plaintiff as the time for defendants to respond to step 1 had passed- Tippins replied to the step 1, however her answer did not coincide with the grievance. This failure to comply with procedural requirements caused plaintiff to lose a critical step in this process, if plaintiff had waited for the out of time reply to step 1 he would have been barred from filing step 2..9-15-17 step 2 CAC17/18-00114999 denied by Bartell, Bartell performed no investigation nor did he speak to witnesses. 9-18-17 step 3 CAC17/18-00114999 filed by plaintiff10-27-17 step 3 denied CAC17/18-00114999 by DeCesaro citing that plaintiff

## D.CAUSE OF ACTION

grieved a subject that's not grievable. The PREA AR is explicit that retaliation is not acceptable, DOC has a zero tolerance for retaliation, and this is very grievable. Another act in a series of events designed to suppress plaintiffs complaint.8-31-17 defendants packed out plaintiff keeping 1,000.00 dollars of l property, family photos, drawings from his children, personal hygiene drinking cup, legal work related to this case and legal books. Defendants did not follow the AR for inmate property inventory or transfer. Defendants are required to inventory inmates property against current property inventory, list any discrepancies, write an incident report and forward the old inventory attached to the new inventory along with the incident report to the receiving facility, if any items are kept DOC policy is a shakedown slip must be provided listing the items taken. Plaintiff was neither given his old property sheet (inventory, last signed by plaintiff and property Sgt. Church around 7-15-17) which was on his cell wall as mandated at ACC, no shakedown slip provided to plaintiff, no old inventory attached to new inventory sent to new facility(FCF), nor was an incident report generated detailing the incident. All these are mandated by procedure as outlined in the AR. It is clear this was retaliatory in nature and by design. None of plaintiffs legal work relating to this case was forwarded, despite having been among plaintiffs legal materials. Upon plaintiffs arrival at FCF 6L unit Sgt. Gradisar called ACC property Sgt. Church and asked where plaintiffs property was. According to Gradisar, Church said too bad he wasn't there when it was packed out and he refused to send it to FCF. Gradisar then offered Church to personally deal with it if he would send the property over, Church refused. Gradisar allowed plaintiff to view only shakedown slips or copies of, that had been faxed to her, these were clearly doctored as plaintiffs transport officer who was with plaintiff when he was packed out was listed as one of the officers who performed pack out and shakedown. Policy requires plaintiff be given his copy at the time the shakedown/pack out occurs, simply being allowed to view "faxed version" after the fact does not meet the AR requirement. Additionally these copies were not exhaustive of what plaintiff is missing. Clearly the abuse of policy and failure to comply with procedure afforded any other inmate being transferred is clear indication the extent and severity of these violations were retaliatory in nature. Had policy and procedure been followed, plaintiff would have had his property and there would be no discrepancy, however the failure to follow procedure is a tactic used to cover this abuse. These policies are in place to prevent just such abuses as these.9-1-17 TC Supervisor Ms. Michelle Smith met with plaintiff at

### D. CAUSE OF ACTION

CTCF and admitted she had never been informed of plaintiff's allegation of sexual harassment or other claims until 8-31-17. Ms. Smith said as a result of plaintiffs complaint plaintiff would be sent elsewhere to a level 3 facility to finish TC despite plaintiff having been at level 2 for 27 months and scoring at level 1. 8-31-17 to 9-4-17 plaintiff held in "transport" at CTCF without access to his property, therefore plaintiff had no idea to what extent his property had not been sent.9-5-17 to 9-12-17 plaintiff housed in FCF A&O unit.9-5-17 to 10-31-17, despite only scoring at minimum custody and being eligible for minimum restrictive custody plaintiff being retained at medium/close custody facility. Plaintiff lost 1,000.00 worth of personal property, double mattress, single cell, single showers and all related privileges with being at ACC as a result of his complaint. It is extremely uncommon for an inmate to have single cell, it was a rare privilege plaintiff earned, there can be no dollar limit placed on such privileges. Defendants acted with malice and intent when regressing plaintiff over his complaint against staff. This violates several constitutional provisions including cruel and unusual punishment, the environment at a medium/close custody facility is much more violent/aggressive and over all dangerous compared to the minimum restricted plaintiff had been at the prior two years. All policies and practices regarding transfer and property were violated in this case. There is no justification for the arbitrary reclassification. Approx. 9-5-17 plaintiff allowed to view what property had been sent to FCF. Visibly a huge amount of plaintiff's personal and legal property had not been sent. FCF property Sgt. Said no old property inventory had been sent and all he had was the new list generated at FCF. Clearly the list as amended at FCF would not accurately reflect plaintiff's property if said property was never sent. Another attempt to prevent plaintiff from asserting his claim. Despite the AR mandating any discrepancies be noted and a written incident report be generated by receiving facility (FCF) if property conflicts with old property list from sending facility (ACC), this never occurred. FCF property Sgt. Refused to speak to plaintiff about property discrepancy and sent plaintiff back to his housing unit. Plaintiff was moved from FCF to BVMC on 10-31-17 which has minimum law library access, yet another attempt to hinder plaintiffs access to the court. Plaintiff is receiving "diesel treatment" (arbitrary movement of offender to prevent legal access and disrupt property and housing).9-7-17 RFF17/18-00119041 plaintiff filed informal against ACC for failing to follow AR regarding pack out of offenders property, in retaliation for sexual harassment claim against Cruz. No reply ever

## D.CAUSE OF ACTION

given to this informal.10-3-17 step 1 RFF17/18-00119041 filed by plaintiff.10-17-17 step 1 RFF17/18-00119041 denied by Churich, citing the items not sent did not fit in plaintiffs green bag and that plaintiff did get shakedown slip. Sgt. Gradisar at FCF will verify plaintiff did not receive shakedown slip, nor were any other pack out procedures followed. Medical appliances were placed in plaintiffs green bag which do not get put in green bag. Many small items such as pencil sharpener etc. were not sent. This does not meet protocol in AR. For pack out legal and medical items do not fall under property restrictions.9-7-17 informal filed RFF17/18-00119041 no reply ever given to informal.10-3-17 step 1 RFF17/18-00119041 filed denied by Churich citing false information deflecting from defendants Roos, Reyes, Hilburn and Trinas failure to follow policy AR 850-06, IV, A, d, 1), 2), H, I. 10-26-17 Step 2 RFF17/18-00119041 went unanswered. Step3 RFF17/18-00119041 filed 12-1-17 with Case Mgr. Bartone at BVMC who refuses to give a copy as per her policy.10-27-17 defendant DeCesaro denied step 3 grievance CAC17/18-00114999 which was a grievance against defendant Cruz for soliciting inmates to retaliate against plaintiff for complaint of sexual harassment against her. Once more DeCesaro failed to investigate the issue being grieved despite its serious and threatening nature.

**4.Claim Four:** Denial of Procedural Due Process.

**Supporting facts**:

Failure to comply with grievance procedure and no procedural due process in chronological process. DOC has a grievance process and policy for said process requires investigation, time lines for parties to follow etc. Defendants fail repeatedly to comply with the mandates as set out in the grievance AR, which in turn makes said process void. Defendants do not answer, fail to comply with time lines, do not investigate, do not speak to witnesses, do not review evidence held by plaintiff or give responses completely unrelated to the issue grieved, allowing for the issues grieved to not be accountable to anyone, yet hold plaintiff to strict compliance with procedure. Defendants intentionally give vague and unrelated responses or address issues not raised in attempt to prevent relief from plaintiff. As a result plaintiff grieved the grievance process and as expected, got the same abstract unrelated responses. This routinely denies plaintiff access to a meaningful grievance process.DOC uses a Chronological process to log information called a "Chron". These are used to discipline plaintiff or to deny privileges, jobs, housing arrangements, participation in certain programs and in the plaintiffs case forward progression in

22

## D.CAUSE OF ACTION

the TC program. When a "Chron" is issued to plaintiff there is a data entry entered by

defendants; no service is given, no witnesses allowed, no opportunity to defend or present

evidence to the contrary, no notice chron is even issued. This denied plaintiff his liberty as he

was held back in the TC program. Basis for this by Tippins was a chron plaintiff received in

medical. Plaintiffs unit officer sent plaintiff to medical, policy to go to medical was followed, as

a result of lack of communication plaintiff was given a chron for showing up to medical,

defendant Tippins later used said chron as basis to deny plaintiff progression in TC, which

therefore in turn denied plaintiff 30 days earned time and the ability to submit to community

corrections by Aug. 2017, creating a  liberty interest, due to this chron plaintiff could not submit

to community until Oct. 2017 and he was accepted Nov. 2017, therefore the denial of progression

denied plaintiff liberty. See exhibit Z-2 step 1 CXAC17/18-00114999 this prohibited plaintiff

from attaining 30 days achievement earned time in a manner consistent with completing program

on time. Thereby extending plaintiffs time in TC, prohibiting him for applying to community

corrections by 30 days, therefore affecting his liberty interest. Plaintiff has in his possession

written DOC policy which shows Chrons are used for disciplinary purposes, **see exhibit O-2.**

6-19-17 CO Kirk sent plaintiff to medical to get dressing changes due to recent surgery. 6-19-17

Nurse Cella chroned plaintiff for going to medical. No notice or procedural requirements were

given to plaintiff as required by law that such chron had been given.6-27-17 informal grievance

C-AC16/17-00113616 filed for violating procedural due process for chron he received on 6-19-

17 by defendant Cella6-27-17 C-AC16/17-00113616  Cella replied denying plaintiffs claim that

he was denied due process.6-27-17 step 1 C-AC16/17-00113616 filed.7-2-17 C-AC16/17-

00113616 Cella denied step 1 refusing to verify plaintiff had been given permission by CO Kirk

to go to medical, thereby invalidating chron. Again Cella denied due process as required,

grievance denied.7-3-17 C-AC16/17-00113616 step 2 filed by plaintiff,7-10-17 C-AC16/17-

00113616 Bartell denied step 2- in this denial Bartell states that chrons are purely for

informational purposes therefore no due process required.7-21-17 C-AC16/17-00113616 step 3

filed.8-10-17 C-AC16/17-00113616 step 3 denied by step 3 grievance officer Decesaro citing

that due process does not attach to chron as there is no effect on sentence by way of chron. This

despite Tippins using chron to extend time in program which in effect denied plaintiff 30 days

earned time, which not only kept plaintiff from applying to community corrections by 30 days

## D.CAUSE OF ACTION

but extended sentence by 30 days. Additionally plaintiff will show written DOC policy that chron entry will result in "Write Up" which is a disciplinary hearing which affects liberty interest therefore due process does attach. While all responses allege chrons are informational only that is not the case, as plaintiff has written documentation produced by DOC to the contrary.8-7-17 after repeatedly experiencing failed protocol in the grievance process plaintiff filed a grievance on the grievance process, not surprising this yielded no change or different results.8-7-17 informal grievance RAC1718-00115773 by plaintiff asserting that numerous separate grievances had not been answered according to policy and AR. Denying due process.8-9-17 reply to informal grievance for RAC1718-00115773 answered by Case Mgr. Garcia at ACC, which admitted the steps were not answered in time for CAC1718-00114649. The informal reply also alleged Garcia called Tippins and she claimed to have sent correct copy to plaintiff despite plaintiff showing case mgr Garcia that the copy provided was the wrong one. Garcia called Tippins on the phone and Tippins refused to resend the correct copy.8-11-17 step 1 RAC1718-00115773 plaintiff citing grievance process is not followed, naming specific steps and dates.8-15-17 step 1 RAC1718-00115773 answered by De Priest. De Priests response was, "The grievances you refer to have all been received and responded to well within the time frames provided by AR 850-4. If you have not received a response to an informal you are welcome to file step 1. You recommend the issue be investigated and I have done that." This is the exact issue being litigated now, in the informal reply Garcia admitted the steps had not been answered in time, in step 1 De Priest claims they have, this is an ever present issue and common with most grievances. Clearly De Priest did not investigate or he would have reviewed the informal response.8-22-17 step 2 RAC1718-00115773- filed.8-29-17 step 2 RAC1718-00115773 answered by defendant Moore, replying no basis to allegations in grievance, obviously not noting dates or informal, again no investigation into complaint.8-29-17 step 3 RAC1718-00115773 filed by plaintiff.9-28-17 step 3 RAC1718-00115773 denied by DeCesaro in his denial he cites varied reasons for denial;1) Only one issue may be grieved at a time. The issue being grieved is the grievance process, thus the essence is numerous grievances fail to meet the AR requirement in time, response and investigation denying due process. This answer is counter intuitive to the point of the grievance. As the issue being grieved is the repeated denial of due process through many grievance responses failing to meet AR requirements; 2) DeCesaro cites that plaintiff has not exhausted his

## D.CAUSE OF ACTION

administrative grievance process; this is incorrect, a denial of a step 3 exhausts administrative remedy. Yet further proof of the failed grievance procedure.

**5.Claim Five:**  Defendants Cella, Fahye and Tippins violated plaintiffs HIPPA rights by discussing confidential past and current medical information without proper release of information as mandated in DOC AR form 950-02A.

**Supporting facts**:

Plaintiff has signed document from medical records tech at ACC which shows the only medical release of information is for plaintiffs mother and sister.6-27-17 CAC16/17-00113615 informal filed by plaintiff for HIPPA vioaltions.6-27-17 CAC16/17-00113615 informal denied by Tippins. In Tippins denial she improperly cites the TC Contract plaintiff signed covers HIPPA? Incorrect, the "TC Contract" signed 7-13-16 only covers mental health and drug and alcohol treatment. The DOC AR is very specific about medical form AR 950-02 A being required for medical information.6-27-17 CAC16/17-00113615 step 1 filed by plaintiff.7-3-17 CAC16/17-00113615 step 1 denied by Tippins citing the same reason as in informal.7-5-17 CAC16/17-00113615 step 2 filed by plaintiff. No reply given to step 2 in time.8-7-17 CAC16/17-00113615 step 3 filed by plaintiff despite no reply given to step 2.8-10-17 CAC16/17-00113615 step 2 answered after step 3 filed denying due process, yet again. The step 2 being answered out of time by Hoffman however affirms plaintiffs argument by stating, "You are correct regarding the treatment agreement not being a release of information. However a release of information is not required for members of the (TC) clinical team to review relevant records. Tc staff are therefore permitted access to your medical record." This is 100% false, both HIPPA and DOC AR 950-02A mandate a release be signed. The only relevant information relating to this situation was the information provided on my lay in slip, thus negating any other need for medical access by non medical staff.9-5-17 CAC16/17-00113615 step 3 denied by DeCesaro. In his denial he asserts that since plaintiff has been moved to a new facility the issue is moot. This is incorrect. The HIPPA violation that occurred at ACC does not cease to exist simply because plaintiff transferred facilities. Under this reason every time a DOC employee violated an inmates civil right they could just transfer the inmate and the rights violation would just cease, or be moot. Illogical response. Facility transfer does not negate rights violation.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? XYes_No. If your answer is "Yes", complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Defendants in prior lawsuit: Jefferson County Jail.
2. Docket number and court name: Unk. And US DIST CT.
3. Claims raised in prior lawsuit: don't recall
4. Disposition of prior lawsuit: Dismissed as moot I believe.
5. Same as 4.
6. No appeal.

 

1. Defendants in prior lawsuit: CDOC
2. Docket number and court name: Unk. And US DIST CT.
3. Claims raised in prior lawsuit: Cruel and Unusual Punishment
4. Disposition of prior lawsuit: do not recall
5. 1995? Do not recall
6. No appeal.

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

**X** Yes

2.Did you exhaust available administrative remedies? **X** Yes.

## G. REQUEST FOR RELIEF

**1.** A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution, laws of the United States and Colorado. All parties are sued in official and personal capacity.

**2. INJUNCTIVE:** Order to DOC to continue meaningful medical care relating to surgery, access

to follow up care with specialist in meaningful period of time, orthopedic shoes for daily wear and one pair for work and or inclimate weather as previously approved via DOC grievance procedure. Order for DOC to cease retaliation by arbitrarily denying legal access, theft of legal materials. Order to DOC to provide law library access daily. Order for DOC ACC and FCF to return property taken without following DOC AR regarding inmate pack out and transfer during packet on 8-31-17 including legal books, legal writing, medical shoes and evidence for this case which plaintiff needs to litigate this case. Order to DOC to cease retaliation for plaintiff's litigation. A preliminary and permanent injunction ordering defendants to cease retaliation and to provide continuing medical care for the case before the court.

**3. COMPENSATORY:** 6,000,000.00 for failing to follow PREA protocol failing to report PREA by DOC staff on plaintiff and allowing retaliation against victim by perpetrator. 10,000 a day for every day that defendants failed to get ordered medical care for plaintiff. 6,000,000 for the permanent physical damage.1,002.19 plus interest for property taken. Jointly and severally. All costs in this suit, any additional relief the court deems just.

**4. PUNITIVE:**  5,000,000.00 against each defendant.

**5.** Retrain every DOC employee in procedural due process requirements and how they must be applied to all chrons and grievance procedures.

**6.**  Delete all chrons that were not given procedural due process.

**7.** Review all grievances and those that were not investigated or grievance procedure not followed, or witnesses or evidence not reviewed to be reinvestigated for merit, and give reply according to renewed investigation.

**8.** Retrain all DOC employees in the HIPPA, PREA laws AR's and procedures.

**9.** Retrain every DOC employee in how to properly pack out an offender and how to follow the AR regarding the pack out and transfer process.

**10.** Written apology to plaintiff admitting guilt, responsibility and update plaintiff as to the progress made in all relief sought as each phase is started and completed.

**11.** Create and maintain an archive of every offender property sheet created so DOC may not delete an offenders property sheet with no proof of past property sheets, removing the contested disposition of said property by following the AR.

**12.** Create new medical system that tracks offender care, referrals and follow up needs; to prevent this from happening again.

## DECLARTION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on ___12-6-17___
        (Date)

_____
(Prisoners Original Signature)

---

## CERTIFICATE OF SERVICE

Plaintiff filing original 1983 with the court. As an original filing plaintiff is sending the court one copy of the following:

1983 Civil Complaint; 29pss.

Motion for Liberal Reading;

Prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915;

Prisoner Motion for appointment of counsel;

Addendums 1-9 with attached exhibits

28

In the US Mail postage paid to the court on _12-6-17_ 2017.

All defendant are employees of the Colorado DOC or contract employees with the CDOC, if the court accepts this filing service will be electronically through the court to the Colorado AG, whom is counsel for all named defendants.